**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Luis SIERRA–MARTINEZ,**
**Defendant–Appellant.**

**No. 12–10152.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 11, 2014.

Filed July 31, 2014.

Christina Marie Cabanillas, Assistant U.S. Attorney, Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

Keith J. Hilzendeger, Assistant Federal Public Defender, Federal Public Defender's Office, Phoenix, AZ, for Defendant–Appellant.

Luis Sierra–Martinez, pro se.

---

* The Honorable Lawrence L. Piersol, Senior District Judge for the U.S. District Court for the District of South Dakota, sitting by designation.

Before: N.R. SMITH and CHRISTEN, Circuit Judges, and PIERSOL, Senior District Judge.*

MEMORANDUM **

Luis Sierra–Martinez appeals from the 46–month sentence imposed following his guilty-plea conviction for illegal reentry after deportation in violation of 8 U.S.C. § 1326(a). We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand in part and affirm in part.

Before Sierra–Martinez was sentenced the government declined to move for the third point for acceptance of responsibility under U.S.S.G. § 3E1.1, based in part on Sierra–Martinez's refusal to waive his right of appeal. After Sierra–Martinez was sentenced, the Sentencing Commission in Amendment 775 amended Application Note 6 to U.S.S.G. § 3E1.1 to provide: "The government should not withhold such a motion based on interests not identified in § 3E1.1, such as whether the defendant agrees to waive his or her right of appeal." Sierra–Martinez contends and the government concedes that Amendment 775 is an authoritative and clarifying change in the interpretation of U.S.S.G. § 3E1.1 that applies retroactively to cases that are not final on direct appeal. *See United States v. Felix,* 87 F.3d 1057, 1060 (9th Cir.1996). We agree and remand the case for re-sentencing so that the district court can determine whether Sierra–Martinez should receive a third point for acceptance of responsibility.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Sierra–Martinez also argues that his 1997 California conviction for attempted second-degree murder does not support the 16-level upward adjustment he received under U.S.S.G. § 2L1.2(b)(1)(A), because unlike the generic definition of attempt, California's definition of attempt does not include a defense of voluntary renunciation. We reject this argument in light of our decision in *United States v. Albino–Loe,* 747 F.3d 1206 (9th Cir.2014). Pursuant to FED. R. APP. P. 39(a)(4), the Court orders that the parties bear their own costs.

**VACATED AND REMANDED IN PART, AFFIRMED IN PART.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.